UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DANTEA COOPER,

Plaintiff,

v.

ASHLEY ROSS, Deputy,

Defendants.

Case No.: 26-cv-3687-RSH-LR

**ORDER DENYING PLAINTIFF'S RENEWED APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

**[ECF No. 4]**

On June 22, 2026, Plaintiff Dantea Cooper filed a Complaint under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). ECF Nos. 1-2. On August 29, 2026, the Court denied Plaintiff's IFP motion and dismissed this civil action without prejudice. ECF No. 3 at 3. The Court's order denying IFP status noted that Plaintiff had "not submitted a *sworn* Form AO 239 or other comparable instrument. His request [was] unsworn, stating only that he "is an indigent homeless transient with only $.04 in his banking account" and "is so penurious that he had to secure the services of California's Dept. of Rehabilitation to start his Construction Apprenticeship to become a[n] Ironworker." *Id.* at 3 (emphasis added). On September 8, 2026, Plaintiff submitted a

renewed application to proceed IFP on the Form AO 239 provided by the Clerk of Court. ECF No. 4. For the reasons stated, the Court **DENIES** Plaintiff's renewed IFP application.

## I. RENEWED *IN FORMA PAUPERIS* APPLICATION

Plaintiff has neglected to sign and date the portion of the application that requires him to "declare under penalty of perjury that the information" he provided "is true." ECF No. 4 at 1; Form AO 239 at 1; *see* 28 U.S.C. § 1915(a)(1) (court may authorize suit with prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor); *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds*, 506 U.S. 194 (1993); Civ L.R. 3.2(a) (directing IFP movants to file "an affidavit that includes a statement of all assets which shows inability to pay initial fees or give security"); *see also* Civ L.R. 3.2(a)(1)-(7) (listing numerous financial statements that movants must submit in their "declaration . . . under penalty of perjury"); Civ. L.R. 3.2(f) (requiring submission of financial affidavit "at the time the suit . . . is submitted for filing").

Accordingly, the Court **DENIES** Plaintiff's IFP Application. This denial, however, is **WITHOUT PREJUDICE** to Plaintiff refiling an IFP application that cures the above-noted deficiencies.

## II. CONCLUSION

Thus, for the reasons explained, the Court:

1. **DENIES** Plaintiff's renewed Application to Proceed IFP [Doc. No. 4].

2. **GRANTS** Plaintiff forty-five (45) days leave in which to re-open his case be either: (a) pre-paying the full $ 405 civil filing fees required by 28 U.S.C. § 1914(a) in one lump sum; or (b) filing an application to proceed IFP that includes a properly executed AO 239.

3. **DIRECTS** the Clerk of Court to provide Plaintiff with another blank AO 239 (Rev. 01/15). If Plaintiff fails to comply with this Order by either paying the full

$405 civil filing fee in one lump sum or by submitting a complete AO 239 IFP application within 45 days, this civil action will remain dismissed without prejudice based on his failure to comply with 28 U.S.C. § 1914(a) and without any further Order of the Court.[1]

**IT IS SO ORDERED**.

Dated: September 30, 2026

Hon. Robert S. Huie
United States District Judge

[1] Plaintiff is again cautioned that if he chooses to proceed further by submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service and may be dismissed *sua sponte*. 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").